MHN

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4768 | **DATE** | 9-22-10 |
| **CASE TITLE** | Erica D. Fox (#R-35272) v. DuPage County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $1.11 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Lincoln Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                    Docketing to mail notices.

---

## STATEMENT

Plaintiff, Erica Fox, presently in state custody at Lincoln Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on May 29, 2009, she was incarcerated as a pre-trial detainee at the DuPage County Jail. She further alleges that she was going through heroin withdrawal, was vomiting, and that she had a fever. Plaintiff alleges that she notified unnamed officials that there was something wrong with her beyond withdrawal. She alleges she was suffering from stomach pain and became so disoriented that she no longer was aware of her own actions. On June 6, 2009 she was given an abortion. Subsequently, Defendant Shultz announced to the wing that Plaintiff tried to kill her child and that she must not care about her children. Plaintiff alleges that Defendant Shultz brandished her gun and told Plaintiff that she knows how to use it. Plaintiff alleges deliberate indifference to a serious medical condition, and complains of Defendant Shultz's alleged unprofessional conduct.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.11. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever she may be transferred.

**(CONTINUED)**

| | AWL |
|---|---|

However, Plaintiff must submit an amended complaint. With respect to Plaintiff's allegations of deliberate indifference to a serious medical condition, while Plaintiff states a claim for deliberate indifference to a serious medical need, *see Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006), she has not sufficiently identified any Defendants to effectuate service of process. With respect to Defendant DuPage County Jail, county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). As such, the DuPage County Jail is dismissed as a Defendant.

Plaintiff also has stated a claim against Defendant Shultz. *See Dobbey v. Illinois Department of Corrections*, 574 F.3d 443, (7th Cir, 2009) (pointing a gun at an inmate and threatening to shoot them is more than harassment and can be cruel and unusual punishment); *see also Irving v. Dormire*, 519 F. 3d 441, 449-50 (8th Cir. 2008).

The problem with Plaintiff's complaint is that it contains misjoined claims against unrelated defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has raised a claim against unnamed Defendants (not Defendant Shultz) for deliberate indifference to a serious medical condition. She further names Defendant Shultz and claims harassment which amounts to a violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

As discussed in *George*,

The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. As Plaintiff makes no claim with respect to Defendant Shultz related to deliberate indifference to medical care regarding her heroin withdrawal and the illness leading to her abortion, the claims are unrelated. Consequently, Plaintiff must choose which claim she wants to proceed on in this case and submit an amended complaint.

If she wishes to proceed on her deliberate indifference to medical care claim, she must adequately identify the Defendants who were deliberately indifferent to her serious medical condition so that they be served. If Plaintiff cannot name Defendants involved, she can name a supervisory official such as DuPage County Sheriff John Zaruba for the purpose of identifying any unknown Defendant. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Sheriff Zaruba in order to identify unknown Defendants, she asserts no claims against Sheriff Zaruba to hold him personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior*). Thus, Sheriff Zaruba should be named as a Defendant in the amended complaint only if Plaintiff can articulate a claim against him or if he is needed to identify the unnamed Defendants.

**(CONTINUED)**

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendant or defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

In short, Plaintiff must decide which of her unrelated claims she wishes to proceed on in this case. If it is the deliberate indifference to medical care claim, she must adequately identify the Defendants or name a supervisor such as Sheriff Zaruba, for the purpose of sufficiently identifying the appropriate Defendants through discovery. Once identified she must submit another amended complaint naming the correct Defendants. If Plaintiff wishes to proceed on her use of force/cruel and unusual punishment claim against Officer Shultz she should submit an amended complaint asserting only that claim.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.