

m (01/2005)

MHN

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4768 | DATE | 12-23-10 |
| CASE TITLE | Erica D. Fox (#R-35272) v. DuPage County Jail | | |

**DOCKET ENTRY TEXT:**

Pursuant to the Court's order of 9/22/2010, Plaintiff submitted an amended complaint. On initial review pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a "strike" under 28 U.S.C. § 1915(g).

■[For further details see text below.]

Docketing to mail notices.

### STATEMENT

    Plaintiff has filed this cause of action pursuant to 28 U.S.C. § 1983. In her amended complaint, Plaintiff alleges that Defendant Shultz slipped notes under her cell door, announced to the wing that Plaintiff had tried to "killed her [Plaintiff's] baby", threatened her with her gun and told her she knew how to use it. All of this happened, according to the amended complaint, immediately prior to Plaintiff being transferred from the DuPage County Jail to Dwight Correctional Center, an Illinois Department of Corrections facility. Plaintiff alleges no physical harm, and seeks only discipline for defendant Schultz.

    Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.

    Initially, although informed by the Court in its order of September 22, 2010, that DuPage County Jail was an improper Defendant, Plaintiff has amended her complaint, leaving DuPage County Jail as a Defendant. To reiterate, county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). As such, the DuPage County Jail is dismissed as a Defendant.

    Plaintiff also alleges that Defendant Schultz used offensive language, announced to the wing that Plaintiff had tried to kill Plaintiff's baby, and threatened Plaintiff with her gun, saying she "knew how to use it," shortly before Plaintiff was transferred to Dwight Correctional Center. On initial review of Plaintiff's original complaint, the Court found that she had stated a claim, citing to *Dobbey v. Illinois Department of Corrections*, 574 F.3d 443, (7th Cir, 2009) (pointing a gun at an inmate and threatening to shoot them is more than harassment and can be cruel and unusual punishment); *see also Irving v. Dormire*, 519 F. 3d 441, 449-50 (8th Cir. 2008) However, it becomes clear from Plaintiff's amended complaint that what she is alleging is merely short-term harassment, different from the pervasive fear inducing conditions described in *Dobbey*. Rather, this was a case of verbal harassment and name calling, which do not violate the constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

**(CONTINUED)**

AWL

## STATEMENT (continued)

While the line between "mere" harassment and "cruel and unusual punishment" is fuzzy, the Seventh Circuit Court of Appeals has held that it is an objective one. It is not the actual fear of the victim, but what a "reasonable" victim would fear. *See Dobbey* at 445, *citing Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). The allegations in the present case fall well short of those in *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire*, 519 F.3d 441, 449-50 (8th Cir. 2008), where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson*, 973 F.2d 1518, 1524 10th Cir. 1992). As Plaintiff has pled harassment, and not a scenario in which a "reasonable" Plaintiff would have feared for her safety to a degree sufficient to violate her rights under the Constitution, Plaintiff's complaint is dismissed.

For all of the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, she may not file suit in federal court without prepaying the filing fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, she will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."